### ZYGADLO v. WAINWRIGHT.

No. 79-191-CA.

Circuit Court, Bradford County.

September 28, 1979.

John D. Middleton, Florida Institutional Legal Services, Inc., for the petitioner.

Horace Schow, Assistant Attorney General, Tallahassee, for the respondent.

OSEE R. FAGAN, Circuit Judge.

*Final judgment:* Petitioner, Dale A. Zygadlo, an inmate at Florida State Prison, seeks a writ of habeas corpus restoring lost gain time of 180 days resulting from his being found guilty by a disciplinary committee of "inciting a strike" on November 28, 1978.

154

This court issued an order to show cause and respondent filed his response thereto, to which petitioner replied, and this case was set for final hearing which was held September 20, 1979.

While there are various complaints as to the transfer and type of confinement and classification of petitioner, none are considered by this court, since these matters fall within the sound discretion and authority of respondent.

There is no issue raised as to procedural due process in the conduct of the hearing or matters related thereto.

The issues raised and considered by the court are these —

1. May possession and use of materials ordinarily protected in a free society under the First Amendment be proscribed, limited, or prohibited in a prison setting. The question is answered in the affirmative under the specific language of *Sostre v. McGinnis*, 442 F2d 178 (2nd Cir. 1971), cert. den. 405 U.S. 978, and the exhaustive treatment of prison necessity and discipline in *Wolff v. McDonnell* 94 S.Ct. 2963 (1974). Therefore, there is no question that the materials complained of and referred to in the charges (a copy of which is attached to respondent's response) are subject to confiscation and punishment for their possession as well as for disobedience of prison rules and regulations may have been appropriate. This determination does not resolve this problem.

2. Does a charge of possession of materials and writing by a prisoner in his cell among his personal property which include "posters containing symbols and writings conveying ideas of prisoners striking . . . two complete firearms and ammunitions manuals containing full specifications on manufacturing certain firearms," without any charge as to their display, use, or distribtuion support a charge and ultimate finding of guilty of the offense of "inciting a strike?"

Respondent argues that for this court to make such inquiry it must consider de novo the evidence presented at the hearing and this the court should not do. Respondent is correct that the court in habeas corpus proceedings should not indulge in a re-trial of the disciplinary proceeding, but should accept the record itself as a presumptively correct report of such proceedings, absent a clear and convincing showing properly made to the contrary.

Consistent with the presumption of correctness which surrounds this record, this court is compelled to conclude that the record itself clearly shows the absence of any charge (notwithstanding what evidence may have been presented which is not reflected in the record) that there was any display, use, distribution or attempt to display, use or distribute the materials complained of.

We needn't address the constitutional argument presented by petitioner relating to the First Amendment because the due process requirements of our state and federal constitutions both require that one may not be deprived of liberty without being furnished copy of charges which support the ultimate determination of guilt. That such due process rights remain with a prisoner was fully determined in *Wolff*, supra.

Whatever petitioner may have been guilty of, he cannot be found guilty of inciting a strike under the charge in question.

It is, therefore, ordered and adjudged that the petition for writ of habeas corpus is hereby granted, and that respondent shall forthwith restore the 180 days gain time taken from petitioner in these proceedings, without prejudice to respondent bringing and concluding such new proceedings relating thereto within 45 days from the date hereof as respondent may feel led to properly do.